IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COLE HARKOVITCH,<br><br>                         Plaintiff,<br>     vs.<br><br>EQUIPMENT LEASING GROUP OF<br>AMERICA, LLC, and BRIAN TREBELS,<br><br>                        Defendants. | No. 3:25-cv-0258-HRH |

ORDER

Motion to Change Venue[1]

Defendant Equipment Leasing Group of America, LLC (herein "ELGA"), moves to change venue.[2] The motion is opposed by Plaintiff Cole Harkovitch.[3] Defendants have not filed a reply. Oral argument has not been requested and is not deemed necessary.

In the motion to change venue, ELGA maintains that the forum-selection clause within a contract between the parties should be enforced and this case should be transferred to federal court in Illinois.[4] Plaintiff disagrees, contending that the forum-selection clause is inapplicable to this lawsuit because it only covers disputes relating to

---

[1]Docket No. 9.

[2]Defendant Brian Trebels was joined to this action pursuant to an amended complaint filed by Plaintiff on February 12, 2026, after ELGA moved to change venue. Docket No. 19.

[3]Docket No. 12.

[4]Docket No. 9 at 5.

ORDER – Motion to Change Venue                                                             - 1 -

the interpretation of the contract and Plaintiff's tort claims "deal solely with ELGA's misconduct involving its debt collection activities."[5] Plaintiff contends that the forum-selection clause "does not waive [his] protection under the Alaska Unfair Trade Practice and Consumer Protection Act."[6]

Facts

This case arises out of ELGA's debt collection efforts against Plaintiff.[7] Plaintiff filed suit in Alaska state court asserting claims for breach of contract, fraud, and violations of the Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Statute § 45.50.471.[8] Plaintiff's contract and fraud claims are based on the same facts as Plaintiff's Unfair Trade Practices claim.

As alleged in the Complaint, Alaska Motor Home, Inc. was incorporated in 2016 by Plaintiff's father, Peter Harkovitch.[9] Peter Harkovitch, on behalf of Alaska Motor Home, Inc., entered into three equipment financing agreements. Specifically, on March 15, 2023, Peter Harkovitch executed an equipment financing agreement with Defendant ELGA for the purchase of two 2024 Sunseeker motorhomes.[10] The equipment financing agreement contained a personal guaranty by Plaintiff Cole Harkovitch. Plaintiff

---

[5]Docket No. 12 at 14-15.

[6]Docket No. 12 at 19.

[7]See generally Complaint, Docket No. 1-1 at 2-12. Plaintiff's amended complaint contains additional factual allegations regarding ELGA's conduct while attempting to collect on its debt. See Amended Complaint, ¶¶ 26-57, Docket No. 19 at 5-13. The amended complaint did not alter the allegations as described herein.

[8]Complaint, ¶¶ 35-57, Docket No. 1-1 at 8-12.

[9]Complaint, ¶ 6, Docket No. 1-1 at 3.

[10]Complaint, ¶ 14, Docket No. 1-1 at 4; Ex. 1, Docket No. 1-1 at 13-14.

ORDER – Motion to Change Venue - 2 -

contends that his signature on the personal guaranty agreement was forged. On April 28, 2023, Peter Harkovitch executed a second financing agreement with Defendant to purchase eight 2024 Sunseeker motorhomes.[11] Plaintiff signed the agreement, providing a personal guaranty for the loan at the request of his father.[12] The personal guaranty provides in part that:

> THIS PERSONAL GUARANTY IS GOVERNED BY THE LAWS OF ILLINOIS. YOU CONSENT TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR PRETRIAL COURT LOCATED IN ILLINOIS OR ANY STATE OR FEDERAL COURT OF OUR ASSIGNEE. YOU EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY.[13]

Finally, on May 12, 2023, Peter Harkovitch entered into a third financing agreement with Defendant to purchase two 2024 Sunseeker motorhomes.[14] This third agreement also contains a personal guaranty by Plaintiff. However, Plaintiff alleges that his signature on this third personal guaranty agreement was forged.[15]

Plaintiff alleges that Defendant was informed that the first and third guaranty agreements contained Plaintiff's forged signature, but Plaintiff alleges that Defendant "continues to try and enforce" the agreements in violation of the Unfair Trade Practices and Consumer Protection Act.[16] Because all three personal guaranty agreements are identical, the court's decision as to the validity of the second personal agreement will, if

---

[11] Complaint, ¶ 18, Docket No. 1-1 at 5; Ex. 2, Docket No. 1-1 at 23-24.

[12] Complaint, ¶¶ 19-20, Docket No. 1-1 at 5; Ex. 2, Docket No. 1-1 at 27.

[13] Ex. 2, Docket No. 1-1 at 27.

[14] Complaint, ¶ 21, Docket No. 1-1 at 5, 6; Ex. 3, Docket No. 1-1 at 45, 46.

[15] Complaint, ¶ 22, Docket No. 1-1 at 6; Ex. 3, Docket 1-1 at 49.

[16] Complaint, ¶¶ 17, 24, Docket No. 1-1 at 5, 6.

necessary, be dispositive of the validity of the personal guaranty agreement in the first and third personal guaranty agreements.

After Defendant ELGA commenced collection efforts, Plaintiff requested an "accounting and breakdown of your liquidation or the collateral referenced in [the three financing agreements]" and "a complete copy of each of the sales transaction documents, advertisements, listings, etc., for each of the motorhomes."[17] Plaintiff alleges that Defendant only provided part of the information that he requested, and has otherwise "failed to provide ... any information that would demonstrate that the Defendant sold or liquidated [its] collateral in a commercial reasonable manner."[18]

Plaintiff commenced this lawsuit on August 28, 2025. On October 7, 2025, Defendant removed the case to this court.[19] On December 1, 2025, Defendant filed the instant motion to change venue.[20]

## Applicable Law

A. Venue

Venue is proper: (1) in the district where any defendant resides, if all defendants reside in the same state; (2) in the district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) if there is no district in which the claim can otherwise be brought, in the district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). Here, the forum-selection agreement contained in

---

[17]Complaint, ¶ 25, Docket No. 1-1 at 6; Ex. 4, Docket No. 1-1 at 57-58.

[18]Complaint, ¶¶ 26, 34, Docket No. 1-1 at 7, 8.

[19]Docket No. 1.

[20]Docket No. 9.

ORDER – Motion to Change Venue - 4 -

Plaintiff's personal guaranty agreements potentially provide a fourth vehicle for venue in Illinois rather than Alaska.

B. Motion to Transfer

Courts "apply federal contract law to interpret the scope of a forum-selection clause even in diversity actions." Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1086 (9th Cir. 2018) (citations omitted). A forum-selection clause that "point[s] to a particular federal district" is enforceable "through a motion to transfer under [28 U.S.C.] § 1404(a)." Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 59 (2013). Generally, when the parties are bound by a valid forum-selection clause, a district court should enforce the clause through transfer pursuant to § 1404(a). Sun, 901 F.3d at 1087, 1093 (affirming dismissal of complaint pursuant to forum-selection clause under doctrine of forum non conveniens). "[A] forum-selection clause 'should control except in unusual cases'" and "'[o]nly under extraordinary circumstances unrelated to the convenience of the parties' should a motion to enforce a forum-selection clause be denied." Id. at 1088 (alteration in original) (quoting Atl. Marine Constr. Co., 571 U.S. at 66, 64). The Plaintiff carries the burden of showing why a court should not enforce the forum-selection clause. Id. at 1087.

C. Validity of Forum-Selection Clause

A forum-selection clause is prima facie valid unless the party challenging the provision can show it is unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). A forum-selection clause may be deemed unreasonable under the following circumstances: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and

ORDER – Motion to Change Venue - 5 -

(3) if enforcement would contravene a strong public policy of the forum in which suit is brought." Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 457 (9th Cir. 2007) (quoting Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004)).

Discussion

ELGA maintains that the forum-selection clause within the Personal Guaranty agreements should be enforced and this case should be transferred to federal court in Illinois.[21] Plaintiff contends that the forum-selection clause in the personal guaranty agreements "does not waive [his] protection under the Alaska Unfair Trade Practices and Consumer Protection Act."[22] The court construes the foregoing as an argument that the forum-selection clause in the personal guaranty agreements is unenforceable.

Alaska Statute § 45.50.542 provides that: "[a] waiver by a consumer of the provisions of AS 45.50.471 – 45.50.561 is contrary to public policy and is unenforceable and void."

Transferring this case to an Illinois court, which would apply Illinois state law in assessing Plaintiff's claims, would violate Alaska's public policy to protect consumers from unfair trade practices. The court concludes that the forum-selection provision in the personal guaranty agreements now before the court are void and therefore unenforceable.[23] Scott v. Airstream, Inc., 715 F.Supp.3d 1295 (S.D. Cal. 2024), which

---

[21] Docket No. 9 at 5.

[22] Docket No. 12 at 19.

[23] The Alaska Supreme Court has not ruled on the question of whether Alaska public policy would preclude enforcement of a forum-selection clause based on the waiver provision in Alaska Statute § 45.50.542. See Resqsoft, Inc. v. Protech Sols, Inc., 488 P.3d 979, 983, 986 (Alaska 2021) (Court had no occasion to address whether Alaska public policy pursuant to the Alaska Unfair Trade Practices and Consumer Protection Act precluded enforcement of a forum-selection clause as the Plaintiff "[did] not expressly
(continued...)

ORDER – Motion to Change Venue - 6 -

Defendant relies upon, in fact support Plaintiff's contention that consumer protection law and public policy can negate forum-selection clauses which might otherwise be enforceable.[24]

Defendant's choice of law clause would require the application of Illinois law, effectively denying Plaintiff an opportunity to bring an Alaska Unfair Trade Practices and Consumer Protection Act claim.

<u>Conclusion</u>

Alaska's Unfair Trade Practices and Consumer Protection Act, and in particular § 45.50.542, renders the forum-selection clause in ELGA's personal guaranty agreements unenforceable as a matter of public policy. Defendant ELGA's motion for change of venue is denied.

DATED at Anchorage, Alaska, this  12th  day of March, 2026.

/s/   H. Russel Holland
United States District Judge

---

[23](...continued)
make that public policy argument on appeal.").

[24]In <u>Scott v. Airstream, Inc.</u>, the court rejected a claim of fraud or overreaching with respect to a California case similar to this case and concluded that a California consumer protection law (similar to that enacted by Alaska) precluded enforcement of Airstream's forum-selection clause.

ORDER – Motion to Change Venue - 7 -